UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

File No. 02-CV-36 JMR/FLN

---

Alane King, as Conservator and
Natural Parent of Amber Lynn Schanus,

Plaintiff,

vs.

Hartford Life and Accident Insurance Company,

Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND, ATTORNEY'S FEES**

---

TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AND ITS ATTORNEY ERIC C. TOSTRUD, LOCKRIDGE GRUNDAL NAUEN PLLP, 100 WASHINGTON AVENUE SOUTH, SUITE 2200, MINNEAPOLIS, MN 55401

## INTRODUCTION

On October 16, 2002, the Minnesota Federal District Court, the Honorable James Rosenbaum, granted summary judgment in favor of Defendant, dismissing Plaintiff's claim for accidental death life insurance benefits under an ERISA policy. Plaintiff appealed from the judgment of dismissal to the United States Court of Appeals for the Eighth Circuit. On February 9, 2004, a panel of the Eighth Circuit Court of Appeals reversed the trial court and remanded the case to the district court. The decision was favorable to Plaintiff and would have compelled judgment in Plaintiff's favor. However, on April 6, 2004, the Eighth Circuit Court of Appeals vacated the panel decision and granted Defendant's motion for rehearing *en banc*.

On July 22, 2005, the United States Court of Appeals for the Eighth Circuit rendered judgment reversing the trial court's decision granting summary judgment to Defendant, and remanded the case to the district court with instructions that the district court remand the case to the plan administrator.

On redetermination of the claim, the plan administrator must now apply a higher standard of whether Schanus' death was "highly likely to occur", rather than whether death was simply "reasonably foreseeable".

In a concurring opinion, Judge Bright, with whom Judge Lay and Bye joined, stated:

> *"I write separately, first, to explain why Hartford, . . . should be given an opportunity to correct its previous faulty administrative decision denying the claim of Amber Lynn Schanus . . ."* See Slip Opinion p. 19.

Judge Bright also stated:

> *"I am quite sure that Hartford has spent considerably more to defend its denial of Schanus' claim than it would have cost to pay the claim itself. It is now time to reasonably and properly conclude Schanus' claim on all the facts and the correct law. On remand, the plan administrator can do just that."* (See Slip Opinion p. 20)

Plaintiff requests an award of attorney's fees and expenses in this case. It is premature to request pre-judgment interest until Hartford re-adjudicates Plaintiff's claim.

**ARGUMENT WITH RESPECT TO ATTORNEY'S FEES**

The Eighth Circuit Court of Appeals has held that attorney's fees may be awarded in ERISA cases under 29 U.S.C. §1132(g)(1).

A Plaintiff is a prevailing party when the resolution of the dispute between Plaintiff and Defendant results in a material change in the legal relationship between the two. *Buckhannon Board and Care Home, 532 US at _____, and 121 S. Ct. at 1840; and also Farrar v. Hobby, 506 US 103, 111-112; 113 S. Ct. 566, 573 (1992).*

Plaintiff is the prevailing party in this case. The District Court's grant of summary judgment is reversed. A redetermination of benefits must be made using a higher standard than was initially utilized by Defendant. Rather than "reasonably foreseeable", death must be "highly likely to occur" under the Eighth Circuit's decision in this case. The legal relationship between Plaintiff and Defendant in this case has materially changed. The comments of Judge Bright in the concurring opinion, make it clear that he believes benefits must be paid by Defendant.

The District Court should consider the "five-factor test" as set forth in the case of *Lawrence v. Westerhaus, 749 F. 2d 494, 496 (8th Cir. 1984). See also Sheehan V. Guardian Life Insurance Company 372 F. 3d 962 (8th Cir. 2004); and Martin V. Arkansas Blue Cross and Blue Shield, 299 F. 3d 966 (8th Cir. 2002).*

The five factors set out by the *Lawrence* court are as follows:

(1) The degree of the opposing party's culpability;

(2) The ability of the opposing party to satisfy an award of attorney's fees;

(3) Whether an award of attorney's fees against the opposing party could deter other insurers acting under similar circumstances;

(4) Whether the party requesting attorney's fees seeks to benefit all participants and beneficiaries of an ERISA plan; or To resolve a significant legal questions regarding ERISA itself;

(5) The relative merits of the parties positions.

Under all five factors, Plaintiff is entitled to an award of attorney's fees. Defendant is

capable of paying the attorney's fees, and the case resolved a significant legal question regarding ERISA itself. There are numerous other cases in Minnesota and around the country that have been waiting for decision from the Eighth Circuit in this case. This case will have a significant impact on how ERISA plan administrators handle claims in the future.

While there is no longer an automatic presumption that the prevailing party is entitled to attorney's fees, the five factors are also not exclusive to the determination of attorney's fees and should only be considered general guidelines. *Martin (supra)*.

Plaintiff's initial claim was approximately $43,000.00. Her claim for attorney's fees is approximately $35,000.00. The court must award attorney's fees to Plaintiff in order to make the Plaintiff whole in this case.

Plaintiff has been forced to invest her time, effort and money in hiring an attorney to gain benefits that she was legally entitled to receive. Ironically, the attorney's fees spent by both parties on appeal, probably exceed twice the amount of the original claim. Defendant can afford this, Plaintiff cannot.

**DETERMINING "REASONABLE" ATTORNEY'S FEES**

To calculate reasonable attorney's fees, the District Court in most cases should use the "Lodestar" method outlined in the case of *Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 US 546, 563-66; 106 S. Ct. 3088, 3097-98 (1986).*

The court should determine the base amount by multiplying the number of hours the attorney reasonably spent times a reasonable hourly rate. *Pennsylvania v. Delaware Valley (supra) at 478 US 565, 106 S. Ct. 3098*.

Submitted with the claim for attorney's fees is an additional Affidavit of Susan Holden substantiating that $180.00 per hour is a reasonable fee to be claimed by the attorney for the Plaintiff in this case. Thomas M. Neuville, attorney for the Plaintiff in this proceeding, has also submitted an Affidavit justifying the amount of hours worked, the work done and the fees claimed.

The reasonable hourly rate is considered to be the prevailing hourly rate in the community for similar work. The prevailing hourly rate is typically established by evidence in the form of Affidavits from other counsel, that the charged rate is in line with the market rate in the community. *See Blumb Stenson 465 US 886, 8895 n. 11; 104 S. Ct. 1541, 1547 n. 11 (1984)*.

Plaintiff is not requesting any adjustment to the Lodestar amount of fees in this case. However, Plaintiff would note that Plaintiff's attorney is an attorney in general practice in Northfield, Minnesota. This was the first civil case that he has ever accepted in federal court. The case has imposed a significant burden on the law practice of Plaintiff's counsel. When Plaintiff commenced this action in Rice County District Court in the State of Minnesota, neither Plaintiff nor Plaintiff's counsel anticipated that this case would ultimately be heard by the entire Eighth Circuit, *en banc*.

The case has significant impact nationally. During the course of the appeal to the Eighth Circuit, Plaintiff's counsel received numerous inquiries from attorney's throughout the country. The final decision of the Eighth Circuit Court of Appeals has significant impact

with respect to future claims for accidental death life insurance benefits. Therefore, Plaintiff must be awarded a reasonable amount for her attorney's fees in pursuing this appeal to the Eighth circuit.

It should be noted that the customary attorney fee usually reflects a variety of expenses, such as fees for travel and meal expenses and other overhead. Thus the expenses included with the request for attorney's fees should also be awarded. *See Calderon v. Witvoet, 112 F 3d 275, 276 (7th Cir. 1997); and also Kerr v. Screen Extras Guild, Inc., 526 F. 2d 67, 70 (9th Cir. 1975).*

Dated: **August 25, 2005**

/s/ Thomas M. Neuville

Grundhoefer, Neuville & Ludescher, P.A.
Attorneys for Plaintiff
Box 7, 515 South Water Street
Northfield, Minnesota 55057
Telephone No. (507)645-4451
Attorney Registration No. 078591

*kms\tmn\king417\memo in support of atty fees & costs*