UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

File No. 02-CV-36 JMR/FLN

Alane King, as Conservator and
Natural Parent of Amber Lynn Schanus,

Plaintiff,

vs.

Hartford Life and Accident Insurance Company,

Defendant.

**ORDER GRANTING COSTS AND, ATTORNEY'S FEES**

Pursuant to the Motion of Plaintiff for an award of attorney's fees and out-of-pocket expenses, the court hereby issues its Findings of Fact and Order as follows:

## FINDINGS OF FACT

1. Plaintiff commenced this action to recover accidental death life insurance benefits under an ERISA policy. The District Court granted summary judgment in favor of Defendant and against Plaintiff on October 16, 2002.

2. Plaintiff appealed this court's decision to the 8th Circuit Court of Appeals.

3. The 8th Circuit Court of Appeals, by judgment dated July 22, 2005, reversed the District Court's order granting summary judgment to Defendant, and remanded the case to the District Court, with instructions to further remand the case to the plan administrator for redetermination of benefits under a more strict standard than was originally utilized by Defendant.

4. The Plaintiff was the prevailing party with respect to her appeal to the 8th Circuit Court of Appeals.

5. Having considered the five-factor test set forth in the case of *Lawrence v. Westerhaus, 749 F. 2d 494, 496 (8th Cir. 1984) and Sheehan v. Guardian Life Insurance Company, 372 F. 3d 962 (8th Cir. 2004)*, the finds:

   a. That Defendant is culpable in this case in originally denying Plaintiff's accidental death life insurance benefits;

   b. That Defendant is more than able to satisfy an award of attorney's fees;

   c. That an award of attorney's fees against Defendant may deter Defendant and other insurers from evaluating accidental death life insurance claims in a similar manner;

d. That the outcome of the case benefits other plan participants in Minnesota and throughout the 8th Circuit, and that the appeal, decided by the 8th Circuit, *en banc*, has resulted in a decision which will have significant impact on future similar cases;

e. That the merits of Plaintiff's argument in the District Court and before the 8th Circuit, warrants an award of attorney's fees in this matter; and

f. That without an award of attorney's fees to Plaintiff, Plaintiff will not be made whole, and substantial prejudice would occur to Plaintiff without an award of attorney's fees.

6. The court further finds that Plaintiff should be excused in this case for filing her motion for attorney's fees and costs four days after the deadline imposed by Local Rule 54.3(b)(3). The court finds that Plaintiff has established good cause for the delay, and further finds that Defendant is not prejudiced by the Plaintiff's delay in requesting attorney's fees and costs.

**ORDER**

IT IS HEREBY ORDERED THAT, the Defendant shall pay the sum of $______________________ to Plaintiff 's counsel, Grundhoefer, Neuville & Ludescher, P.A., as and for reasonable attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: ______________________

____________________________________________

Judge of District Court

*kms\tmn\king417\order of atty fees & costs - dist ct*