**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alane King,

Plaintiff,

v.

Hartford Life and Accident Insurance Company,

Defendant.

Court File No. 02-CV-36 JMR/FLN

---

# DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

---

Eric C. Tostrud, #213548
Attorneys for Defendant Hartford Life and Accident Insurance Company
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981

# TABLE OF CONTENTS


I. Introduction ........................................ 1

II. Facts ........................................ 2

III. Argument ........................................ 3

A. Only A Prevailing Party Is Entitled To Attorney's Fees Under ERISA ........................................ 3

B. Ms. King is Not a Prevailing Party In This Action ........................................ 5

C. Even If She Were a Prevailing Party, Plaintiff Is Not Entitled To Attorney's Fees and Costs Because She Fails To Meet the Standard Established In *Lawrence v. Westerhaus.* ........................................ 8

1. Hartford Acted in Good Faith in Denying Plaintiff's Claim ........................................ 9

2. Hartford's Ability to Pay Is Irrelevant ........................................ 11

3. Awarding Attorney's Fees Against Hartford Would Not Deter Any Future Conduct ........................................ 12

4. This case has not resolved a significant legal question regarding ERISA. ........................................ 12

5. The Merits of the Parties Positions ........................................ 13

IV. Conclusion ........................................ 14

# TABLE OF AUTHORITIES

*Baker v. Provident Life & Accident Ins. Co.*,
171 F.3d 939 (4th Cir. 1999) .......... 7, 10

*Brown v. Sietz Foods, Inc.*,
140 F.3d 1198 (8th Cir. 1998) .......... 3

*Cates v. Metro. Life Ins. Co.*,
149 F.3d 1182 1998 WL 385897 (6th Cir. 1998) .......... 10

*Chambers v. Family Health Plan Corp.*,
100 F.3d 818 (10th Cir. 1996) .......... 5

*Christian v. Dupoint-Waynesboro Health Care Coverage Plan*,
12 F. Supp. 2d 535 (W.D. Va. 1998) .......... 8

*Costley v. Thibodeau, Johnson, and Feriancek, P.L.L.P.*,
259 F. Supp. 2d 817 (D. Minn. 2003) .......... 12

*Cottrill v. Sparrow, Johnson & Ursillo, Inc.*,
100 F.3d 220 (1st Cir. 1996) .......... 4

*Cozzie v. Metro. Life Ins. Co.*,
140 F.3d 1104 (7th Cir. 1998) .......... 7, 10

*Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*,
3 F.3d 1246 (9th Cir. 1993) .......... 5

*Florence Nightingale Nursing Serv., Inc. v. Blue Cross Blue Shield of Alabama*,
41 F.3d 1476 (11th Cir. 1995) .......... 9, 10

*Estate of Geissal v. Moore Medical Group*,
338 F.3d 926 (8th Cir. 2003) .......... 3, 6, 7

*Gibbs v. Gibbs*,
210 F.3d 491 (5th Cir. 2000) .......... 5

*Herbert v. SBC Pension Plan*,
354 F.3d 796 (8th Cir. 2004) .......... 10, 11

*Honolulu Joint Apprenticeship and Training Committee v. Foster*,
332 F.3d 1234 (9th Cir. 2003) .......... 14

*Hope v. Int'l Brotherhood of Elec. Workers*,
785 F.2d 826 (9th Cir. 1986) ........ 14

*Jackson v. Metro. Life Ins. Co.*,
303 F.3d 884 (8th Cir. 2002) ........ 3

*Kaiser Steel Corp. v. Mullins*,
455 U.S. 72 (1982) ........ 4

*King v. Hartford*,
357 F.3d 840 (8th Cir. 2004) ........ 2, 13

*King v. Hartford*,
414 F.3d 994 (8th Cir. 2005) ........ 2, 3, 6, 13, 14

*Lawrence v. Westerhaus*,
749 F.2d 494 (8th Cir. 1984) ........ 1, 4, 8

*Leonard v. Southwestern Bell Corp. Disability Income Plan*,
408 F.3d 528 (8th Cir. 2005) ........ 7

*Locher v. Unum Life Ins. Co. of America*,
389 F.3d 288 (2d Cir. 2004) ........ 9

*Marsteller v. Life Ins. Co. of N. Am., No. Civ. A. 96-0015-C*,
1997 WL. 403235 (W.D. Va. Jul 9, 1997) ........ 5

*Martin v. Arkansas Blue Cross & Blue Shield*,
299 F.3d 966 (8th Cir. 2002) ........ 9, 10, 11

*Martin v. Blue Cross & Blue Shield of Virginia, Inc.*,
115 F.3d 1201 (4th Cir. 1997) ........ 4

*McClure v. Life Ins. Co. of N. Am.*,
84 F.3d 1129 (9th Cir. 1996) ........ 5

*McIntosh v. Pacific Holding Co.*,
992 F.2d 882 (8th Cir. 1993) ........ 3

*Miller v. United Welfare Fund*,
72 F.3d 1066 (2d Cir. 1995) ........ 8

*Noorily v. Thomas & Betts Corp.*,
188 F.3d 153 (3d Cir. 1999) .......................................................................... 4

*Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*,
990 F. Supp. 1039 (N.D. Ill. 1998) .......................................................................... 8

*Poeppel v. Hartford Ins. Co.*,
No. 03-1970, 2004 WL. 298414 (4th Cir. Feb. 17, 2004) .................................... 10

*Quinn v. Blue Cross and Blue Shield Ass'n*,
161 F.3d 472 (7th Cir. 1998) .......................................................................... 4

*Ramsey v. Colonial Life Ins. Co. of Am.*,
12 F.3d 472 (5th Cir. 1991) .......................................................................... 12

*Thorpe v. Retirement Plan of Pillsbury Co.*,
80 F.3d 439 (10th Cir. 1996) .......................................................................... 11

*White v. Martin*,
290 F. Supp. 2d 986 (D. Minn. 2003) .......................................................................... 6

*Wickman v. Northwestern Nat'l Ins. Co.*,
908 F.2d 1077 (1st Cir. 1990) .......................................................................... 2

**STATUTES**

29 U.S.C. § 1132(g) .......................................................................... 1

## I. Introduction

If a sports analogy can be applied to the issued decisions of *King v. Hartford,* then the best description of the case at this time is that each party has a "record" of one win, one loss, and one tie, with the main issue (and winner) still undecided. Defendant Hartford Life and Accident Insurance Company first obtained summary judgment before this Court. Plaintiff Alane King then obtained a direct reversal of that judgment by a three-judge panel of the Eighth Circuit. Then the full Eighth Circuit, after agreeing to hear the case *en banc* at Hartford's request, opted to remand the claim back to Hartford even though neither party requested such a disposition. Thus, despite three judicial opinions, there has been no decision whatever establishing Plaintiff's right to benefits under ERISA.

Primarily for this reason, the Court should deny Ms. King's motion to recover her attorney's fees and costs under 29 U.S.C. § 1132(g). Though the Eighth Circuit has yet to address the issue, the majority of circuits require that a party must prevail in order to recover attorney's fees and costs in ERISA cases. Since Ms. King did not obtain relief or sustain a legal right in the Eighth Circuit, she is not a prevailing party and is therefore not entitled to attorney's fees under ERISA. Even if she were a prevailing party, Ms. King is not entitled to fees under the five-factor test set forth in *Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir. 1984). Accordingly, Hartford respectfully requests that the Court deny Ms. King's motion for attorney's fees and costs.

## II. Facts

Ms. King, as conservator for Amber Lynn Schanus, applied to recover benefits under an accidental death policy provided to Amber Lynn's father, Martin Schanus, by his employer. *King v. Hartford,* 414 F.3d 994, 996-97 (8th Cir. 2005). Mr. Schanus died when he crashed his motorcycle on June 20, 2000. *Id.* It is undisputed that Mr. Schanus had a blood alcohol content of .19 while driving his motorcycle at excessive speeds at night without a helmet. *Id.* Hartford, as administrator of the accidental death plan under ERISA, denied Ms. King's claim for benefits on the grounds that Mr. Schanus' death was not the result of an "accidental bodily injury" under the terms of the policy. *Id.*

This Court, finding that Hartford's decision denying benefits was in line with the great weight of federal decisions, granted Hartford's motion for summary judgment. *Id.* A panel of the Eighth Circuit reversed, holding that Hartford abused its discretion by concluding that the insured's death was not unexpected. *King v. Hartford,* 357 F.3d 840 (8th Cir. 2004). The panel concluded that, because death from drunk driving is "statistically unlikely," it must be considered an "accident" for purposes of accidental death insurance plans. *Id.* at 844.

On Hartford's motion, the Eighth Circuit then considered the case *en banc,* vacating the panel opinion. Its decision, issued on July 22, 2005, concluded that Hartford had chosen to defend its decision to deny benefits in the litigation using a different standard – namely, the framework described in *Wickman v. Northwestern Nat'l Ins. Co.,* 908 F.2d 1077 (1st Cir. 1990) – than Hartford relied upon to deny Ms. King's claim during the administrative phase. Importantly, the *en banc* court explicitly left open the

possibility that a denial under either standard may be reasonable. *King v. Hartford,* 414 F.3d at 1002-1005. It then remanded Ms. King's claim to Hartford for reconsideration under the framework set forth in *Wickman*. *King*, 414 F.3d at 1006.

Contrary to Ms. King's claims in the present motion, nothing in the *en banc* decision orders or determines that Hartford must pay benefits on her claim. The *en banc* court did not accept Ms. King's principal argument that Hartford's decision to deny her claim was an abuse of discretion. The court did not provide Ms. King the relief she requested – the payment of her claim. The court did not accept her argument to make statistical probability the touchstone of "accident." Finally, Ms. King never requested the disposition ordered by the court – a remand. To the contrary, when asked at oral argument whether remand would be appropriate, Ms. King's counsel did not indicate agreement. Audio Recording of Oral Argument, Sep. 15, 2004 at 21:33, *available at* http://www.ca8.uscourts.gov/oralargs/oaFrame.html (visited Sep. 26, 2005).

## III. Argument

### A. Only A Prevailing Party Is Entitled To Attorney's Fees Under ERISA

Without directly deciding the issue, the Eighth Circuit has "frequently assumed that only prevailing parties may be awarded fees in ERISA cases." *Estate of Geissal v. Moore Medical Group,* 338 F.3d 926, 935 (8th Cir. 2003); *see also Jackson v. Metro. Life Ins. Co.,* 303 F.3d 884, 890 (8th Cir. 2002) (vacating a fee award after reversing an ERISA claim on the merits); *Brown v. Sietz Foods, Inc.* 140 F.3d 1198, 1201 (8th Cir. 1998) (same); *McIntosh v. Pacific Holding Co.,* 992 F.2d 882, 885 (8th Cir. 1993) (same).

This is an understandable assumption. The Supreme Court has observed that "attorney's fees are normally awarded only to prevailing parties," *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 89 n.14 (1982), and it is difficult to imagine a justification for awarding fees to a party who has not prevailed on any aspect of a claim. Furthermore, the factors the Eighth Circuit considers to resolve ERISA fee motions presume that the party seeking fees has prevailed on at least some aspect of the claim. *Lawrence v. Westerhaus,* 749 F.2d 494 (8th Cir. 1984). The court appears to have recognized this fact in *Lawrence* when it wrote that "a court may properly deny a claim for attorney's fees solely on the ground that plaintiff obtained no relief under the statute." *Id.* at 496.

It is not surprising, then, that a majority of the circuits restrict attorneys' fee awards under ERISA to prevailing parties. *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225-26 (1st Cir. 1996) ("Congress declared that, in any ERISA claim . . . 'the court in its discretion may allow a reasonable attorney's fee' to the prevailing party."); *Noorily v. Thomas & Betts Corp.*, 188 F.3d 153, 162 (3d Cir. 1999) (reversing award of benefits under ERISA plan and concluding "[o]bviously, we have no need to linger on this point [i.e., the district court's award of attorneys' fees under ERISA] as the reversal of severance benefits compels the reversal of the award of prejudgment interest and attorney's fees and costs because plaintiffs are no longer prevailing parties."); *Martin v. Blue Cross & Blue Shield of Virginia, Inc.*, 115 F.3d 1201, 1209-10 (4th Cir. 1997) (collecting cases from other Circuits and holding "only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action"); *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) ("This circuit has recognized two

processes for analyzing whether attorney's fees should be awarded to a party in an ERISA case after it has attained 'prevailing party' status."); *McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir. 1996) (refusing to award fees under ERISA because "neither party has yet 'prevailed' in this action"); *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 827-28 (10th Cir. 1996) (refusing to award fees under ERISA because plaintiff "did not prevail on any of his claims"); *but see Gibbs v. Gibbs*, 210 F.3d 491, 501-503 (5th Cir. 2000) (determining there is no requirement that a party prevail to be eligible for consideration of attorneys' fees under ERISA).

Thus, it would seem likely that when obliged to resolve this issue, the Eighth Circuit will conclude that a party must prevail on its ERISA claim in order to be awarded attorney's fees. Judging by her brief, Plaintiff seems to assume that she must be a prevailing party to recover attorney's fees. At the very least, she does not argue that she need not have prevailed to recover fees. Even if she did, based on the authorities discussed above, the Court should determine that Ms. King must have prevailed to be eligible for a fee award under ERISA.

**B. Ms. King is Not a Prevailing Party In This Action**

Where a claim is remanded, courts generally have found it premature to award attorney's fees and costs, as there is not yet a prevailing party. *See, e.g., Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust,* 3 F.3d 1246, 1253 (9th Cir. 1993); *Marsteller v. Life Ins. Co. of N. Am.,* No. Civ. A. 96-0015-C, 1997 WL 403235 at *2 (W.D. Va. Jul 9, 1997) ("[B]ecause plaintiff only will have the ERISA claim remanded to

the plan administrator, he has not yet prevailed on the merits. Thus, it would be premature to award attorney's fees at this stage in the litigation.").

In ERISA cases, a "prevailing party" is one who receives a judgment that "create[s] a material alteration of the legal relationship of the parties." *Geissal,* 338 F.3d at 935 (quoting *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 792-93 (1989)). "[A] fee award may be appropriate when a party has established the liability of the opposing party, although final remedial orders have not been entered." *Geissal,* 338 F.3d at 935 (quoting *Hanrahan v. Hampton,* 446 U.S. 754, 757 (1980)). This court has concluded a plaintiff "prevails" in an ERISA action where the "relative merits of the parties' positions was decided in plaintiff's favor." *White v. Martin,* 290 F. Supp.2d 986, 991 (D. Minn. 2003).

Here, the *en banc* decision has not altered the legal relationship between the parties, nor does it establish liability for payment of ERISA benefits. The court did not grant the relief Plaintiff sought. Ms. King has not yet received a decision on her benefits claim. The Eighth Circuit rejected Plaintiff's argument that Hartford's decision was arbitrary and capricious. The court also refused to accept Plaintiff's argument that statistical probability determines whether an event is "accidental." Instead, the *en banc* court remanded the case "with instructions to return the claim to the administrator for reevaluation . . . under the *Wickman* standard that Hartford asserts should be applied," *King*, 414 F.3d at 1006, though neither party requested remand as a remedy.

An order that Hartford re-evaluate Ms. King's claim under the legal standard asserted to be applicable by Hartford clearly does not "establish the liability" of Hartford,

nor does it "materially alter the legal relationship of the parties." Indeed, there has been no change in the legal relationship between the claimant and the administrator – she has not "won on a claim stated in her complaint," *Leonard v. Southwestern Bell Corp. Disability Income Plan,* 408 F.3d 528, 532, n. 3 (8th Cir. 2005), and cannot be considered a prevailing party.

Ms. King argues that she is a prevailing party in this action because "a redetermination of benefits must be made using a higher standard than was initially utilized by defendant."[1] But having an ERISA claim re-evaluated on a *de novo* basis – with no guarantee or instruction as to which way the claim should be resolved – does not constitute a material alteration in the legal relationship of the parties. Certainly such a ruling has not "established liability" for, or a right to, ERISA benefits. Nor has it determined that some type of non-monetary right under the ERISA statute exists. *See Geissal,* 338 F.3d at 935 (concluding that establishing a statutory right to COBRA continuation coverage was a material alteration, even though no injunctive or monetary

[1]Leave aside the fact that Plaintiff at no time – either before this Court, the original three-judge panel of the Eighth Circuit, or the *en banc* court – ever argued that Hartford's litigation position was inconsistent with its position at the administrative level. It had never even been hinted at until it was promulgated by the majority *en banc* opinion, and found to be decisive by it. Indeed, prior to the *en banc* decision, other circuits to have addressed the issue utilized the standard set forth in *Wickman* and the concept of "foreseeability" – the concepts the *en banc* majority characterizes as distinct – as though they were interchangeable. *Cozzie v. Metro. Life Ins. Co.*, 140 F.3d 1104, 1110 (7th Cir. 1998) (citing *Wickman* and holding that "a death that occurs as a result of driving while intoxicated, although perhaps unintentional, is not an 'accident' because that result is reasonably foreseeable") (emphasis supplied); *Baker v. Provident Life & Accident Ins. Co.*, 171 F.3d 939, 942-43 (4th Cir. 1999) (citing *Wickman* and holding that "a reasonable person in [the insured's] position would have known that death or serious injury was a reasonably foreseeable result of driving while intoxicated") (emphasis supplied).

remedies were obtained by plaintiff.) Thus, under the tests currently in use, Plaintiff is not a prevailing party in this litigation and cannot be awarded attorney's fees under § 1132 (g).[2]

### C. Even If She Were a Prevailing Party, Plaintiff Is Not Entitled To Attorney's Fees and Costs Because She Fails To Meet the Standard Established In *Lawrence v. Westerhaus.*

Plaintiff cites the five factor test established in *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984). Hartford agrees that, if the Court determines that Plaintiff is a prevailing party, then the *Westerhaus* factors guide the determination whether Plaintiff is entitled to attorney's fees and costs. The *Westerhaus* factors include:

1) The degree of culpability or bad faith that can be assigned to the opposing party;

2) The ability of an opposing party to satisfy an award of attorney's fees;

3) Whether an award of attorney's fees against the opposing party could deter other parties acting under similar circumstances;

---

[2]Though Plaintiff does not cite the cases, it is true that some federal courts have found that a remand is sufficient to change the legal relationship between the parties and thereby establish a prevailing party under ERISA. *See, e.g., Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir. 1995); *Christian v. Dupoint-Waynesboro Health Care Coverage Plan,* 12 F. Supp.2d 535, 537 (W.D. Va. 1998); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 990 F. Supp. 1039, 1041 (N.D. Ill. 1998). However, these courts all required a showing that a denial was arbitrary and capricious, *e.g., Miller,* 72 F.3d at 1074 ("The district court may determine that [plaintiff] is the prevailing party to the extent that her motion for summary judgment claimed that [defendant's] denial was arbitrary and capricious"), or that a claim was handled defectively, *e.g., Christian,* 12 F. Supp.2d at 537 (holding that plaintiff was a prevailing party because defendant's denial letter was legally insufficient and the court remanded claim to administrator to correct procedural errors), as a prerequisite to finding that a party "prevailed." Here, there is no basis for either finding.

4) Whether the party requesting attorney's fees seeks to benefit all participants and beneficiaries of an ERISA plan; or to resolve a significant legal question regarding ERISA itself;

5) The relative merits of the parties' positions.

These factors "are by no means exclusive or to be mechanically applied . . . Instead, the district courts should use the factors and other relevant considerations as general guidelines for determining when a fee is appropriate," *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (*en banc*), always bearing in mind "the 'American Rule' that each party normally bears the costs of the litigation unless Congress provides otherwise." *Id.* at 971.[3] In any event, even if Ms. King were a prevailing party, applying the factors to this case shows that an award of attorney's fees and costs is not appropriate.

**1. Hartford Acted in Good Faith in Denying Plaintiff's Claim**

When determining culpability, courts consider whether the party has acted in bad faith. *See, e.g., Locher v. Unum Life Ins. Co. of America,* 389 F.3d 288, 289 (2d Cir. 2004); *Florence Nightingale Nursing Serv., Inc. v. Blue Cross Blue Shield of Alabama,* 41 F.3d 1476, 1485 (11th Cir. 1995). Courts will find an absence of bad faith where an insurer's denial is based on a reasonable interpretation of the policy or where the insurer

[3] It is worth repeating that *Westerhaus* guidelines also implicitly suggest that attorney's fees should only be awarded to a prevailing party. For example, it is unlikely that a non-prevailing party could have "resolved a significant legal question regarding ERISA itself," or that the conduct of a prevailing party would justify deterrence in future cases, or that the merits of the non-prevailing party's position were stronger than the prevailing party's. At the very least, the fact that plaintiff is not a prevailing party should be a factor in deciding whether or not to award attorney's fees. *See Martin*, 299 F.3d at 972 (in making fee determination, a district court "may consider any and all facts it deems relevant.")

"clearly had an arguable basis for its decision" to initially deny the claim for benefits. *Herbert v. SBC Pension Plan,* 354 F.3d 796, 801 (8th Cir. 2004); *Florence Nightingale,* 41 F.3d at 1483.

Hartford's denial of benefits was based on a reasonable interpretation of its policy. The fact that Hartford initially prevailed on its motion for summary judgment before this Court demonstrates that there was a strong basis for its legal position, and certainly "an arguable basis for its decision" to deny benefits. It has never been suggested or argued by Plaintiff throughout this litigation (including in this motion), that Hartford lacked legal support for its position. Every circuit previously to have considered the question had concluded that it was not arbitrary or capricious for an ERISA administrator to decide that death from extreme alcohol ingestion could not be considered "accidental" under the ordinary meaning of plan language.[4]

Similarly, there is no suggestion that Hartford did not cooperate fully in expediting the claim and the ensuing litigation. *See Martin,* 299 F.3d at 972-73. Nor is there any

[4]*Cozzie v. Metro. Life Ins. Co.*, 140 F.3d 1104, 1110 (7th Cir. 1998) ("a death that occurs as a result of driving while intoxicated, although perhaps unintentional, is not an 'accident' because that result is reasonably foreseeable"); *Baker v. Provident Life & Accident Ins. Co.*, 171 F.3d 939, 942-43 (4th Cir. 1999) ("a reasonable person in [the insured's] position would have known that death or serious injury was a reasonably foreseeable result of driving while intoxicated"); *Cates v. Metro. Life Ins. Co.*, 149 F.3d 1182 (Mem.), 1998 WL 385897 at *3 (6th Cir. 1998) (administrator "has broad discretion to construe the terms of the plan and its finding that 'the act of driving [with .18 blood alcohol content] rendered the infliction of . . . death reasonably foreseeable and, hence, not accidental as contemplated by the plan' was not irrational in light of the plan's provisions"); *Poeppel v. Hartford Ins. Co.*, No. 03-1970, 2004 WL 298414 (4th Cir. Feb. 17, 2004) (Unpublished) (affirming denial of accidental death benefits under ERISA where insured died while driving with a .212 blood alcohol content).

allegation that Hartford has done anything "to hinder the interests of a participant in an employee benefit plan." *Id.* at 973. Hartford cannot be charged with bad faith in its handling of this claim. Accordingly, this factor does not militate in favor of an award of fees in this case.

**2. Hartford's Ability to Pay Is Irrelevant**

Plaintiff's argument for attorney's fees appears to be based primarily on the idea that Hartford should be assessed fees because it is better able to afford this litigation. She argues "the attorney's fees spent by both parties on appeal, probably exceed twice the amount of the original claim. Defendant can afford this, Plaintiff cannot." Plaintiff's Mem. at 3.

While Hartford is in a better position to pay, a court should not make an award if the administrator's ability to pay is the only factor favoring awarding attorney's fees. *See Herbert,* 354 F.3d at 801 (finding that the insurer's "ability to pay the attorney's fees is not sufficient to support an award of attorney's fees when the other factors weigh against an attorney's fees award."); *see also Thorpe v. Retirement Plan of Pillsbury Co.,* 80 F.3d 439, 445 (10th Cir. 1996).

Hartford concedes that it would be able to pay the requested fees and costs.[5] However, because all of the other factors weigh heavily against an award, this factor alone cannot support an award of attorney's fees.

---

[5]Hartford also concedes that if Ms. King is found to be entitled to fees and costs – which she is not – then the amount she seeks of approximately $37,600 is reasonable.

### 3. Awarding Attorney's Fees Against Hartford Would Not Deter Any Future Conduct

If no deterrent effect will result from an award of attorney's fees, then no award is proper. *See Herbert* at 801; *see also Ramsey v. Colonial Life Ins. Co. of Am.*, 12 F.3d 472, 480 (5th Cir. 1991). This factor is designed to deter the assertion of frivolous legal claims and defenses. *See Costley v. Thibodeau, Johnson, and Feriancek, P.L.L.P.*, 259 F. Supp.2d 817, 837 (D. Minn. 2003).

Ms. King's brief does not argue that any of Hartford's conduct in this litigation justifies deterrence. As argued above, Hartford made a good faith denial of Ms. King's claim, based on its interpretation of plan language and its review of applicable law. It then litigated its position in good faith and will now comply with the Eighth Circuit's decision that it should fairly and impartially re-consider the claim. There is simply no conduct that this Court needs to deter in the future. Because none of Hartford's conduct justifies deterrence, this factor weighs against granting attorney's fees.

### 4. This case has not resolved a significant legal question regarding ERISA.

As observed above, and as the Court is aware, the law is well-settled that it is not arbitrary or capricious for an ERISA administrator to determine that death from extreme alcohol ingestion is not "accidental" under the ordinary meaning of plan language. All circuits to have considered this question had come to this conclusion, as did this Court when presented with the issue.

The Eighth Circuit *en banc* opinion does not change this settled law. Instead, it merely concluded that Hartford's reliance on *Wickman* to defend this lawsuit differed

from its basis for denying the claim during the administrative process (an argument Plaintiff never raised) and that, as a result, remand was required (a remedy not requested by Plaintiff). *King,* 414 F.3d at 1004. In no way does the *en banc* opinion "resolve a significant legal question regarding ERISA itself." In fact, it does not resolve anything. The vacated panel opinion may have met this standard, but the *en banc* opinion certainly does not, nor does it foreclose denial of benefits in accordance with established ERISA decisions involving extreme alcohol ingestion by a participant. Once again, application of this factor test does not support an award of fees to Plaintiff.

**5. The Merits of the Parties Positions**

This Court awarded summary judgment in favor of Hartford, concluding that its legal position was meritorious. The panel opinion reversed this ruling, but agreed with Hartford's position that the appropriate legal standard was set forth in *Wickman*. *See King,* 357 F.3d at 846. The panel disagreed with Hartford's application of the *Wickman* framework. Finally, the *en banc* court concluded that an ERISA administrator could utilize *Wickman* as an appropriate legal framework in resolving such claims if it desired. The *en banc* court then decided that it could not determine if Hartford had indeed properly utilized the *Wickman* framework at the administrative level and hence remanded for a *de novo* re-evaluation of the claim under that framework. Indeed, four judges of the *en banc* court agreed completely with Hartford's position and voted to affirm this Court's grant of summary judgment.

Thus, at all stages of this litigation, every court has concluded that Hartford has urged an appropriate legal standard for evaluating this ERISA benefit claim. Certainly

this must mean that Hartford's legal position throughout this litigation has had merit. At the very least, given this record, Hartford's position cannot be said to be "unmeritorious." *See Hope v. Int'l Brotherhood of Elec. Workers*, 785 F.2d 826, 831 (9th Cir. 1986) (upholding denial of fee award where party's position was "incorrect" but "not unmeritorious"); *Honolulu Joint Apprenticeship and Training Committee v. Foster,* 332 F.3d 1234, 1239 (9th Cir. 2003) (denying fees).

As to the merits of Plaintiff's position, it must be observed that at no time during the course of this litigation did Plaintiff ever argue or advance the position on which the *en banc* court ultimately decided this appeal – that Hartford was offering a "post-hoc rationale during litigation to justify a decision reached on different grounds during the administrative process." *King*, 414 F.3d at 1003." Indeed, Plaintiff advocated a rule of statistical probability for determining when an event was "unexpected," a position that the *en banc* court plainly rejected. In such a circumstance, it is difficult to see how Plaintiff's articulated legal position (which was not adopted or sustained) had greater merit than Hartford's. Therefore, this factor does not in any way support an award of fees to Plaintiff.

**IV. Conclusion**

Plaintiff is not a prevailing party: she has not established a right to benefits or obtained any relief under the ERISA statute as a result of this litigation. The parties legal relationship is unchanged as a result of the litigation. Further, under an analysis of the factors justifying fees in *Westerhaus*, only Hartford's ability to pay can be said to support an award of fees; all other factors strongly militate against an award of fees in this matter.

As a result, Hartford respectfully requests that this Court deny Plaintiff's motion for attorney's fees and costs.

Date: September 26, 2005

**s/ Eric C. Tostrud**
Eric C. Tostrud, #213548
Attorneys for Defendant Hartford Life and Accident Insurance Company
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981