UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alane King, as Conservator and
Natural Parent of Amber Lynn Schanus,

Plaintiff,

Court File No. 02-CV-36 JMR/FLN

vs.

Hartford Life and Accident Insurance Company,

Defendant.

---

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES**

---

Thomas M. Neuville #078591
Attorneys for Plaintiff Alane King
GRUNDHOEFER, NEUVILLE & LUDESCHER, P.A.
515 South Water Street
P.O. Box 7
Northfield, MN 55057
(507) 645-4451
FAX (507) 645-7233

# TABLE OF CONTENTS

| | | | | Page |
|---|---|---|---|---|
| 1. | Table of Authorities | | | ii |
| 2. | Reply to Introduction | | | 1 |
| | I. | Reply to Hartford's Statement of Facts | | 4 |
| | II. | Reply to Hartford's Argument | | 4 |
| | | A. | A Party Need Not Be a "Prevailing Party" to Be Entitled to Attorney's Fees under ERISA. | 4 |
| | | B. | King Was the Prevailing Party in this Case. | 5 |
| | | C. | Plaintiff Is Entitled to Attorney's Fees under the Standards Established in *Lawrence V. Westerhaus.* | 7 |
| | III. | Plaintiff has Requested a Reasonable Amount of Fees | | 9 |
| | IV. | The Court should also Award all Costs and Expenses Incurred by Plaintiff | | 10 |
| 3. | Conclusion | | | 10 |

# TABLE OF AUTHORITIES

TABLE OF CASES Page(s)


1. Buckhannon Board and Care Home, Inc., v. WV Dept. Of Health and Human Resources 6
532 U.S. 598; 121 S. Ct. 1835; 149 L. Ed. 2d 855 (2001)

2. Charles v. Coleman 6
689 F. 2d 774 (8th Cir. 1982)

3. Cody v. Hillard 6
304 F. 3d 767 (8th Cir. 2002)

4. Dasler v. Hutton 9
698 F. Supp. 172 (D. Minn. 1988) decided by Judge Rosenbaum

5. Geissal v. Moore Medical Corp. 5
338 F. 3d 926, (8th Cir. 2003)

6. Griffeth v. Sheetmetal Workers Local Unions and Counsels Pension Plan 10
(1998, D.C. Ariz.) 34 F. Supp. 2nd 1170

7. King v. Hartford Life Insurance Co. [King I] 1
357 F. 3d 840 (8th Cir. 2004, later vacated)

8. King v. Hartford Life and Accident Insurance Co. [King II] 2, 3, 4, 5, 6, 8, 9
414 F. 3d 994 (8th Cir. 2005)

9. Lawrence v. Westerhaus 7, 9, 11
749 Fed. 3rd 494 (8th Cir. 1984)

10. Leonard v. Southwestern Bell Corp. Disability Income Plan 5
408 F. 3d 528 (8th Cir. 2005)

11. Martin v. Arkansas Blue Cross and Blue Shield 7
299 Fed. 3rd 966 (8th Cir. 2002)

12. Omaha Tribe of Nebraska v. Swanson 7
736 F. 2d 1218 (8th Cir. 1984)

13. Sabina v. American General Life Insurance Company 8

(1992 SD. Fla. 856 F. Supp. 651)

14. Texas State Teacher's Assoc. v. Garland Independent School Dist. 5
489 U.S. 782, 109 S. Ct. 1486, 103 L. Ed. 866 (1989)

15. Tyler v. Corner Construction Corp. 6
167 F. 3d 1202 (8th Cir. 1999)

16. White v. Martin 8, 10
290 F. Supp. 2d 986 (D. Minn. 2003)

17. Wickman v. Northwestern National Insurance Company 1, 3
908 F. 2d 1077, 1088 (1st Cir. 1990)

## REPLY TO INTRODUCTION

Hartford claims, by "sports analogy", that each party has one win in this case, and one "tie" with the ultimate "winner" still undecided. Hartford's analogy is flawed.

Hartford denied King's claim for accidental death benefits, at the administrative level, on the basis that Martin Schanus' death was "reasonably foreseeable". Plaintiff claimed that Hartford's denial of accidental death benefits based on a "foreseeability" standard was arbitrary and unreasonable.

Plaintiff commenced this action to challenge Hartford's definition of "accident", and to obtain benefits. Hartford argued in District Court, and sought summary judgment by relying on *Wickman v. Northwestern National Insurance Company*, *908 F.2d 1077 (1st Cir. 1990)*. The District Court determined that Hartford's definition of accident, excluding injuries which were "reasonably foreseeable", was appropriate under *Wickman*.

Plaintiff appealed this Court's order granting Hartford summary judgment to the Eighth Circuit Court of Appeals. Plaintiff argued before the Eighth Circuit Panel that the *Wickman* decision must be interpreted to mean that death was "highly likely" or "substantially probable" to occur before a death would be considered non-accidental.

The Eighth Circuit's panel decision, *King v. Hartford* [King I], *357 F. 3d 840 (8th Cir. 2004, later vacated)*, reversed this court's summary judgment, and stated:

> *"A given act fails the objective test when a reasonable person would have viewed the following injury as a "highly likely" result of the act. An injury is highly likely to occur when the odds favor that outcome."*

The entire Eighth Circuit Court of Appeals, *en banc*, also reversed the District Court's grant of summary judgment in favor of Hartford, but did so on "narrower grounds than that articulated by the Panel". *King v. Hartford [King II]*, *414 F. 3d 994 (8th Cir. 2005)*. The *en banc* decision found that Hartford's litigating position concerning the proper interpretation of "accidental bodily injury" is fundamentally inconsistent with its stated basis for denying the claim in 2000, during the administrative process.

The Eighth Circuit Court [*King II*] reversed the judgment of the District Court granting summary judgment in favor of Hartford, saying, *at 1006*:

> *"[We] remand the case with instructions to return the claim to the administrator for re-evaluation of Amber Lynn's claim for accidental benefits under the* Wickman *standard that Hartford asserts should be applied."*

In reversing the grant of summary judgment by this court, the Eighth Circuit [*King II*] also stated *at 999*:

> *"We have refused to allow claimants to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation."*

In remanding the Plaintiff's claim for death benefits back to the plan administrator, the Eighth Circuit has substantially changed the legal relationship between the parties by requiring Hartford to re-evaluate the accidental death claim using a different standard for determining "accidental", i.e. the definition established in the *Wickman* case, which held:

> *"That there is no accident if "a reasonable person with the background and characteristics similar to the insured, would have*

> *viewed the injury as* *highly likely* *to occur as a result of the insured's intentional conduct"."* Wickman, 908 F. 2d at 1088 (underlining added).

The Eighth Circuit further stated:

> *"We will not uphold Hartford's decision on a ground that is fundamentally inconsistent with its emphatic position that* Wickman *sets forth the proper interpretation of the term "accidental" in the Hartford insurance policy, and its assertions that "applying* Wickman *here contributes to national uniformity and predictability of results which in the future will promote early resolution of similar disputes"."* King II, 414 F. 3d 994, 1003-1004.

In addition, the Eighth Circuit specifically rejected Hartford's argument that "Martin Schanus' alcohol intoxication itself was an "intentionally self inflicted injury" that "contributed to his injuries and death." The court found that this was an unreasonable interpretation of the plan, and an additional *post hoc* rationale not expressed when benefits were denied. *King II, 414 F. 3d 994, 1005*.

Finally, the Eighth Circuit stated:

> *" . . . our return to the administrator has the additional salutary effect of permitting the administrator to consider in the first instance evidence received by the District Court, but not presented to the administrator, concerning whether a reasonable person would have viewed Schanus' injury and death as "highly likely to occur" as a result of his operating a motor vehicle while intoxicated."* King II, 414 F. 3d, at 1004.

Hartford's emphasis on the fact that "no decision what-so-ever establishing Plaintiff's right to benefits under ERISA" has yet been made, suggests that Hartford already intends to

deny King's claim for accidental death life insurance benefits again, even under the "highly likely" standard. However, there can be no doubt, that the Plaintiff 's legal relationship with Hartford is significantly altered as a result of the litigation and appeal. In re-evaluating Plaintiff's claim for accidental death benefits, Hartford must now determine whether it was "highly likely" that death would occur to Martin Schanus, as opposed to whether a drunk driving death was "merely foreseeable".

## I. REPLY TO HARTFORD'S STATEMENT OF FACTS

In its brief, at page 2-3, Hartford states:

> "*Importantly, the* en banc *court explicitly left open the possibility that a denial under either standard* [foreseeability vs. highly likely] *may be reasonable.*"

While the Eighth Circuit did not preclude the forseeable standard in future cases, the court precluded that standard in this case. See *King II, 414 F. 3d at 1006.*

## II. REPLY TO HARTFORD'S ARGUMENT

### A. A Party Need Not Be a "Prevailing Party" to Be Entitled to Attorney's Fees under ERISA.

Plaintiff is the prevailing party. However, in the Eighth Circuit, it remains an open question as to whether the Plaintiff needs to be a "prevailing party" to be awarded attorney's fees under ERISA. In the case of *Geissal v. Moore Medical Corp., 338 F. 3d 926, 935 (8th Cir. 2003)*, the court stated:

> *"The fact that the statute does not expressly limit fee awards to prevailing parties is significant, but not conclusive. We agree with the District Court that Mrs. Geissal was a prevailing party for fee award purposes. Therefore, we leave unresolved the question of whether, in ERISA cases, a district court may only award fees to a prevailing party."* See also Leonard v. Southwestern Bell Corp. Disability Income Plan, *408 F. 3d 528, 532 (8th Cir. 2005).*

Therefore, while the "prevailing party" concept may be useful to the district court, the propriety of the court's exercise of discretion in this context [ERISA] does not depend on invoking that concept [prevailing party]. *See Leonard, at 532*.

**B. King Was the Prevailing Party in this Case.**

To be considered a "prevailing party", all that is needed is to establish a material alteration of the legal relationship of the parties. *Texas State Teacher's Assoc. v. Garland Independent School Dist., 489 U.S. 782, 792-93; 103 L. Ed. 2d 866; 109 S. Ct. 1486 (1989).* See also *Geissal v. Moore Medical Corporation., supra*.

While Alane King has not yet received her benefits, it is clear that the result of her litigation has materially altered the legal relationship between herself and Hartford Insurance.

The concurring opinion in *King II, supra*, by Judges Bright, Lay and Bye makes it clear that they expect Hartford Insurance Co. to approve the accidental death benefits upon reconsideration. The majority opinion expressly directs Hartford to consider the evidence which was before the court, but not presented to the plan administrator (DWI statistical evidence, police reports, and photographs).

The term "prevailing party" is generously defined, and does not turn on the magnitude

of the Plaintiff's success. Tyler v. Corner Construction Corp., *167 F. 3d 1202, 1205 (8th Cir. 1999).*

In civil rights actions, a party may, in some circumstances, be considered to have "prevailed" when rights are vindicated . . . without formally obtaining relief. A Plaintiff has substantially prevailed if significant results are achieved by initiating suit. *Charles v. Coleman, 689 F. 2d 774, 776 (8th Cir. 1982).*

Here, the Plaintiff has prevailed even if by some strange occurrence, the plan administrator would again deny her accidental death benefits.[1]

The concept of "prevailing party" is understood generally among the various fee shifting federal statutes. In *Buckhannon Board and Care Home, Inc., v. West Virginia Dept. Of Health and Human Resources, 532 U.S. 598; 149 L. Ed. 2d 855; 121 S. Ct. 1835 (2001)*, the Supreme Court held that a Plaintiff must secure a "judicially sanctioned change in the legal relationship of the parties" to qualify as a prevailing party. See also *Cody v. Hillard*, *304 F. 3d 767, 772-73 (8th Cir. 2002).*

While typically, this means that a judgment, consent decree or settlement agreement has been entered into between the parties, there are other ways that the relationship between the parties may be altered. King's case was "dead" when the District Court granted summary

[1] If Hartford denies benefits again, after considering the statistical evidence submitted to the court, under the "highly likely" standard enumerated in *King II*, *supra*, we will most likely be before the court again. While the *King II* decision does not mandate a result, several concurring Judges made clear to Hartford what result they expect under the new standard.

judgment, now the case is "alive" and well.

The court may look to the substance of the litigation's outcome. A party need not succeed on all the issues to be considered prevailing. It is enough if a party succeeds on any significant issue, which achieves some benefit the party sought in bringing the suit. To determine whether a party has prevailed, the important thing is what relief was awarded on the facts and the law, not what relief was requested by the pleadings. *Omaha Tribe of Nebraska v. Swanson, 736 F. 2d 1218 (8th Cir. 1984).*

**C. Plaintiff Is Entitled to Attorney's Fees under the Standards Established in *Lawrence V. Westerhaus*.**

Both parties have cited the case of *Lawrence v. Westerhaus, 749 Fed. 3rd 494 (8th Circuit 1984)*, for providing guidance on when attorney's fees should be awarded. However, the five factors set forth in *Westerhaus* are by no means exclusive or to be mechanically applied. *Martin v. Arkansas Blue Cross and Blue Shield, 299 Fed. 3rd 966, 972 (8th Circuit 2002)*. A mechanical application of the factors may actually undermine both the substantive purpose of ERISA and the discretion vested in the courts to carry out that purpose. District Courts should use the five factors and other relevant considerations as general guidelines for determining when a fee is appropriate. The bottom line is, district courts are not obligated to regurgitate, rote, the *Westerhaus* factors. *See Martin, at 972*.

Here, the court should consider the "five factors" set forth in the *Westerhaus* case, and other factors. First, there is a huge disparity in the ability of the parties to carry on protracted

litigation and appeal. Plaintiff King did not anticipate that she would have to carry this case to an *en banc* argument before the Eighth Circuit when she first began this action in State District Court in 2002. Failing to award attorney's fees to King in this situation gives Hartford the advantage of simply "out-lasting" King in her search for benefits.

Secondly, despite Hartford's contention, the Eighth Circuit decision [*King II*] has had national significance. Plaintiff's counsel consulted with at least ten attorneys from around the country while the *King* case was being considered by the Eighth Circuit. Plaintiff suspects that one of the reasons Hartford is not willing to settle this case is because there are so many other cases which will be affected by the Eighth Circuit's decision [*King II*].

Thirdly, while Hartford has not proceeded in bad faith, Hartford is clearly culpable for deciding the claim at the administrative level differently than it argued the case in the district court and Eighth Circuit. It is not necessary for Hartford be guilty of bad faith in asserting its defense in order to award attorney fees. The inconsistent defenses it has asserted are sufficient to establish culpability. *See White v. Martin, 290 F. Supp.2nd 986,990 (D. Minn. 2003).*

Fourthly, it is not simply Hartford's ability to pay fees which is relevant, but the relative abilities of the parties to pay fees during the litigation. *Sabina v. American General Life Insurance Company, (1992 SD. Fla. 856 F. Supp. 651)*. Here, King does not have the resources to carry on much further in litigation.

Fifthly, when Plaintiff commenced her appeal in the Eighth Circuit, this circuit had never before established a common law definition of "accident". Nor had the Eighth Circuit

interpreted the *Westerhaus* case. The *King II* case has clarified the law in this Circuit.

Sixthly, the amount of Plaintiff's accidental death claim is only $43,000.00. Plaintiff has incurred nearly that much in fees and expenses. It would simply be unjust and inequitable to require King to absorb these fees whether she ultimate recovers on her death benefit or not.

Seventh, as a result of the *King II* decision, Hartford and other insurers will now be more scrupulous in evaluating accidental death claims. Future denials of accidental death claims will more particularly set forth the factual and legal basis of the denial as a result of this case, since plan administrators otherwise risk remand under a more difficult standard.

Finally, when a Plaintiff has won substantial relief, he should not have his attorney's fees reduced simply because the Court did not adopt each contention raised. *Dasler v. Hutton*, *698 F. Supp. 172 (D. Minn. 1988) decided by Judge Rosenbaum*.

## III. PLAINTIFF HAS REQUESTED A REASONABLE AMOUNT OF FEES.

Hartford has stipulated that the amount of fees requested by Plaintiff is reasonable. Plaintiff appreciates this admission.

If the Court is tempted to reduce the amount of attorney's fees requested, Plaintiff would point out that other decisions have allowed an attorney's current rate to be awarded when the case has taken several years to litigate. *White v. Martin*, *supra at 991*. Plaintiff has only requested reimbursement of fees at the rate charged when this action commenced. For that reason, she asks the Court not to consider any discount of fees.

## IV. THE COURT SHOULD ALSO AWARD ALL COSTS AND EXPENSES INCURRED BY PLAINTIFF.

The Plaintiff reminds the Court that the parties have stipulated that the District Court will consider Plaintiff's request for taxable costs in the Eighth Circuit appeal, as well as costs and expenses incurred in the District Court (see letter stipulation of the parties, Docket Number 47).

Most of these costs are taxable under the Court Rules; however, an award of attorney's fees also includes the authority to award reasonable out-of-pocket expenses incurred by the attorney but normally charged to the client in the course of providing legal services. *Griffeth v. Sheetmetal Workers Local Unions and Counsels Pension Plan*, *(1998, D.C. Ariz.) 34 F. Supp. 2nd 1170.*

## CONCLUSION

Plaintiff is a prevailing party, even though she has not yet received her accidental death benefits. However, it is not necessary for the Plaintiff to be a prevailing party in order to be awarded attorney's fees in ERISA actions in the Eighth Circuit. The legal relationship between King and Hartford is significantly changed as a result of the litigation. The five *Westerhaus* factors, and others, warrant an award of attorney's fees, costs, and expenses incurred by the Plaintiff in the litigation to date, as requested by the Plaintiff.

Respectfully submitted,

Dated: **October 4, 2005** /s/ Thomas M. Neuville

________________________________________
Attorney for Plaintiff Alane King
Grundhoefer, Neuville & Ludescher, P.A.
515 South Water Street
P.O. Box 7
Northfield, MN 55057
(507) 645-4451
Attorney Registration No. 78591

*kms\tmn\king417\Reply Brief supporting atty fees*